IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge William J. Martínez

Civil Action No. 15-cv-2734-WJM-KLM

DAVID BOWERS,

    Plaintiff,

v.

TENSION INTERNATIONAL, INC.,

    Defendant.

**ORDER GRANTING DEFENDANT'S MOTION TO TRANSFER VENUE**

Plaintiff brought this action pursuing individual and class claims under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 *et seq.*, and the Colorado Wage Act, Colo. Rev. Stat. § 8-4-101 *et seq*. Defendant, Tension International, Inc., has filed a Motion to Transfer Venue (ECF No. 10) pursuant to 28 U.S.C. § 1404(a), seeking to enforce a forum-selection clause found in the "Sub-Contracting Agreement" entered into by Plaintiff and Defendant (ECF No. 10-2 at 8, ¶ 11(d)) and to have this case transferred to the Western District of Missouri on that basis. For the reasons stated below, the Court grants Defendant's Motion.

**I. LEGAL STANDARD**

"For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought." 28 U.S.C. § 1404(a). The party seeking to transfer a case pursuant to § 1404(a) bears the burden of establishing that the existing forum is inconvenient. *See*

*Chrysler Credit Corp. v. Cnty. Chrysler, Inc.*, 928 F.2d 1509, 1515 (10th Cir. 1991).

"In the typical case not involving a forum-selection clause, a district court considering a § 1404(a) motion (or a forum *non conveniens* motion) must evaluate both the convenience of the parties and various public-interest considerations." *Atl. Marine Constr. Co. v. U.S. Dist. Ct. for W. Dist. of Tex.*, 134 S. Ct. 568, 581 (2013) ("*Atlantic Marine*"); *see also Chrysler Credit Corp.*, 928 F.2d at 1516 (setting out factors courts consider in "an individualized, case-by-case consideration of convenience and fairness" (internal quotation marks omitted)). "Ordinarily, the district court would weigh the relevant factors and decide whether, on balance, a transfer would serve 'the convenience of parties and witnesses' and otherwise promote 'the interest of justice.'" *Atl. Marine*, 134 S.Ct. at 581 (citing § 1404(a)).

The calculus changes, however, when the parties have a contract containing a valid forum-selection clause, which "represents the parties' agreement as to the most proper forum." *Id.* (quoting *Stewart Org., Inc. v. Ricoh Corp.*, 487 U.S. 22, 31 (1988)). "[A] valid forum-selection clause should be given controlling weight in all but the most exceptional cases." *Atl. Marine*, 134 S. Ct. at 581 (alterations in original omitted). As relevant here, the Supreme Court has held that "[t]he presence of a valid forum-selection clause requires district courts to adjust their usual § 1404(a) analysis" in two ways:

> First, the plaintiff's choice of forum merits no weight. Rather, as the party defying the forum-selection clause, the plaintiff bears the burden of establishing that transfer to the forum for which the parties bargained is unwarranted. . . .
>
> Second, a court evaluating a defendant's § 1404(a) motion

2

> to transfer based on a forum-selection clause should not consider arguments about the parties' private interests. When parties agree to a forum-selection clause, they waive the right to challenge the preselected forum as inconvenient or less convenient for themselves or their witnesses, or for their pursuit of the litigation. A court accordingly must deem the private-interest factors to weigh entirely in favor of the preselected forum . . . . As a consequence, a district court may consider arguments about public-interest factors only. Because those factors will rarely defeat a transfer motion, the practical result is that forum-selection clauses should control except in unusual cases."

*Id.* at 581–82.

## II. FACTUAL BACKGROUND

Plaintiff, a Colorado resident, performed work for Defendant, a Missouri corporation, at a facility in Longmont, Colorado. (ECF No. 1 at 2 & ECF No. 12-1.) Plaintiff and Defendant entered into sub-contracting agreements governing this work as of January 10, 2013 and October 13, 2013. (ECF Nos. 10-2 & 10-3.) Both agreements contain an identical forum selection provision:

> The parties consent to the exclusive jurisdiction of courts situated in the Circuit Court of Jackson County, Missouri or the United States District Court for the Western District of Missouri in the event any legal proceedings are instituted relating to this Agreement.

(ECF No. 10-2 at 8, ¶ 11(d); ECF No. 10-3 at 8, ¶ 11(d).)

Plaintiff brought this suit on December 16, 2015, on behalf of himself and others similarly situated, alleging that they should have been classified as employees, not as sub-contractors or independent contractors. (ECF No. 1 at 8–10.) Plaintiff alleges that Defendant violated the FLSA and other provisions of federal law, as well as the

3

Colorado Wage Act, Colo. Rev. Stat. § 8-4-101 *et seq.*[1] Plaintiff's Complaint seeks a declaratory judgment that he was an employee, damages for misclassification, unpaid overtime pay, civil damages for fraudulent tax reporting pursuant to 26 U.S.C. § 7434, damages for denial of employee benefits, and other relief for himself and other putative members of a class of similarly situated workers. (ECF No. 1 at 8–16.)

Defendant's Motion (ECF No. 10) seeks transfer to the Western District of Missouri, pursuant to the forum selection provision found in the sub-contractor agreements, quoted above. In opposition, Plaintiff submitted affidavits from himself and another putative class member (ECF Nos. 12-1 & 12-2) stating, among other things, that when they started work for Defendant in 2011 and 2012 they were told that they would be treated as independent contractors only for a short time, then converted to regular employees, but this never occurred. (ECF No. 12-1 at 2, ¶¶ 4–5; ECF No. 12-2 at 1, ¶¶ 3–4.) In addition, Plaintiff states that he resides in Colorado and that "[t]ransferring this case to Missouri would cause me great inconvenience and expense and make it very difficult for me to pursue my claims." (ECF No. 12-1 at 2, ¶ 12.)

### III. ANALYSIS

Defendant argues that the forum selection clause in the parties' sub-contractor agreement controls this dispute and requires transfer. Plaintiff does not dispute that he entered into the subcontractor agreement or that his claims fall within the scope of the forum selection clause as "legal proceedings . . . relating to this Agreement." However,

---

[1] The Colorado Wage Act is sometimes also referred to as the Colorado Wage Claim Act, including in some of the cases cited in this Order. *See* https://www.colorado.gov/pacific/cdle/wagelaw (last visited June 2, 2016).

Plaintiff argues that provision is invalid or unenforceable in these circumstances because (1) "it was a product of [Defendant's] willful and knowing fraud" (ECF No. 12 at 2); (2) the sub-contracting agreement(s) are "void in their entirety" because if upheld they would constitute a violation of his statutory rights under the FLSA and the Colorado Wage Act (*id.* at 3–4); and (3) the forum selection clause violates a "strong public policy" embodied in the Colorado Wage Act that allows Colorado workers to pursue their claims in Colorado courts (*id.* at 4–5).

Taking these arguments in turn, as to fraud, Plaintiff states that the entire subcontractor agreement was "a fraudulent contract" (ECF No. 12 at 6), apparently because Defendant "fraudulently . . . misclassified [Plaintiff] as an independent contractor" (*id*. at 4), when he should instead have been classified as an employee, and therefore the subcontracting agreement "is not contractually valid" (*id.* at 2 (emphasis in original omitted)). This argument merely restates Plaintiff's underlying FLSA allegations, but those claims have yet to be proven. The Court can not simply assume that Plaintiff will prevail. Rather, the current dispute is about where Plaintiff will have the opportunity to prove those claims.

To the extent Plaintiff more generally insinuates that the entire agreement was a result of fraud, he does not allege that the forum selection clause itself was based on fraudulent inducement or misrepresentation, nor make any specific factual allegations of fraud. "In the context of alleged fraud, the courts have found that '[a] general claim of fraud or misrepresentation concerning an entire contract does not affect the validity of a forum selection clause. Rather, the party challenging the clause must demonstrate that the forum selection clause itself is the product of fraud or coercion.'" *Bovino v.*

*MacMillian*, 2013 WL 3307379, at *2 (D. Colo July 1, 2013) (quoting *Barton v. Key Gas Corp.*, 2006 WL 2781592, at *2 (D. Colo. Sept. 26, 2006) (citing *Scherk v. Alberto-Culver Co.*, 417 U.S. 506, 519 n. 14 (1974)[2] and other cases)). If that were not true, then parties could defeat almost any forum selection clause, simply by making bare allegations of fraud as to the underlying agreement. *See Bovino*, 2013 WL 3307379, at *2. Here, Plaintiff's vague fraud claims are insufficient to defeat an otherwise valid forum selection clause.

Plaintiff also argues that the non-waiver provisions in the FLSA and the Colorado Wage Act bar enforcement of the forum selection clause. Plaintiff notes that "FLSA rights cannot be abridged by contract or otherwise waived," and that, "[a]ny agreement . . . purporting to waive or to modify [an] employee's rights in violation of [the Colorado Wage Act] shall be void*.*" (ECF No. 12 at 3 (quoting *Barrentine v. Arkansas-Best Freight System, Inc.*, 450 U.S. 728, 740 (1981) and Colo. Rev. Stat. § 8-4-121).)

---

[2] In *Scherk* the Court stated:

> In [*M/S Bremen v. Zapata Off-Shore Co.*, 407 U.S. 1, 13 (1972) ("*Zapata Off-Shore*")] we noted that forum-selection clauses 'should be given full effect' when 'a freely negotiated private international agreement (is) unaffected by fraud . . . . This qualification does not mean that any time a dispute arising out of a transaction is based upon an allegation of fraud, as in this case, the clause is unenforceable. Rather, it means that an arbitration or forum-selection clause in a contract is not enforceable if the inclusion of that clause in the contract was the product of fraud or coercion.

417 U.S. at 519 n. 14 (modifications and quotation marks in original; citing *Prima Paint Corp. v. Flood & Conklin Mfg. Co.*, 388 U.S. 395 (1967)). Here, Plaintiff's claims certainly allege that the subcontracting agreement is contrary to law, including the FLSA, but that is not the same as alleging that it was fraudulent, even in the more general way described by *Scherk* of a "dispute arising out of a transaction . . . based upon an allegation of fraud."

Plaintiff does not say what "FLSA rights" would be waived by litigating his case in one federal district court instead of another. As to the Colorado Wage Act, Plaintiff argues that the text of the Act gives him the right to seek relief in a Colorado court and that the Act more generally embodies a strong public policy of allowing workers to seek relief in Colorado courts. (*Id.*)

Plaintiff relies on *Morris v. Towers Financial Corp.*, 916 P.2d 678, 679 (Colo. Ct. App. 1996). There, the Colorado Court of Appeals declined to enforce an out-of-state forum selection clause in a Colorado Wage Act case, taking the view that "enforcement would contravene the strong public policy embodied in the Colorado Wage Claim Act." *Id*. at 679. *Morris* relied on language in the Wage Act allowing workers to file suit "in 'any court having jurisdiction over the parties'" and concluded that "[t]he plain language of [this] statute establishes that the General Assembly intended that a remedy be available . . . in the Colorado courts." *Id.* (quoting Colo. Rev. Stat. § 8-4-123 (1986) (current provision codified at Colo. Rev. Stat. § 8-4-110(2) (2016))).

The Court is not bound by *Morris*, which was decided over twenty years ago, long before *Atlantic Marine*. But the Court *is* bound by *Atlantic Marine*, including the holding that "a valid forum selection clause [should be] given controlling weight in all but the most exceptional cases." 134 S.Ct. at 581. To the extent *Morris* would make non-enforcement of forum selection clauses routine rather than exceptional (*i.e.*, unenforceable in all cases alleging violation of the Colorado Wage Act), that holding cannot be reconciled with *Atlantic Marine* and must yield to the decision of the Supreme Court.

Moreover, as the Colorado Supreme Court has noted, *Morris* was decided "without much analysis." *Cagle v. Mathers Trust*, 295 P.3d 460, 468 (Colo. 2013).[3] This Court is not persuaded by the conclusory statement in *Morris* that the statute's "plain language" allowing plaintiffs to file suit in "any court having jurisdiction" implicitly guarantees plaintiffs the right to litigate in Colorado. This Court's analysis in *Brownlee v. Lithia Motors, Inc.*, 49 F. Supp. 3d 875, 881–82 (D. Colo. 2014) is more persuasive. There, the Court rejected plaintiff's argument that a contract provision requiring arbitration in Oregon was contrary to the Colorado Wage Act and expressly rejected *Morris*, concluding that "with regard to the forum, the Wage Act does not provide its plaintiffs with a right to be heard in Colorado or by any specific venue except 'in any court having jurisdiction over the parties,'" and that "the Wage Act does not mandate a forum or venue, nor can it demand that a court . . . hear and decide Wage Act claims.'" *Id.* at 882 (quoting Colo. Rev. Stat. § 8-4-110(2)).[4]

In any case, Plaintiff has not been denied the right provided by Colorado Revised Statutes § 8-4-110(2), which allows him to "file suit" in any court with jurisdiction. That statutory language does not guarantee that once a plaintiff files suit, the case will

---

[3] In *Cagle* the Colorado Supreme Court discussed *Morris* while addressing a parallel question raised under the Colorado Securities Act: "Whether Colorado public policy or the anti-waiver provision of the Colorado Securities Act, Colo. Rev. Stat. § 11-51-604(11) voids forum selection clauses in securities contracts." 295 P.3d at 463 n.3. The court concluded that forum selection clauses were *not* void under the Securities Act. *Id.* at 470.

[4] *See also Melia v. Zenhire, Inc.*, 967 N.E.2d 580, 588 (Mass. 2012) (rejecting plaintiff's argument that the Massachusetts Wage Act and its anti-waiver provision invalidated an out of state forum selection clause; holding "[t]hat the Wage Act prohibits waivers . . . does not require that private Wage Act claims be adjudicated in Massachusetts. Nowhere does the text of the Wage Act, which refers simply to a 'civil action,' guarantee venue in a Massachusetts court.")

8

forever remain in the court of plaintiff's choosing.  Plaintiff did "file suit," and here did so in a federal court.  This case is therefore subject to federal law governing venue and transfer, which is not controlled by the Colorado legislature.

To the extent Plaintiff argues that transfer will defeat some other strong public policy implicit in the Colorado Wage Act (*see* ECF No. 12 at 4 (quoting *Morris*, 916 P.2d at 679)), that argument fails for reasons essentially similar the those discussed above.  Under *Atlantic Marine*, the Court considers public-interest factors bearing on transfer, but "those factors will rarely defeat a transfer motion."  134 S. Ct. at 582.  As noted, Plaintiff's argument would make such cases common, not rare, as all cases alleging violations of state employment laws could become exceptions to the general rule of enforcing forum selection clauses.  The more relevant public policy here is that "enforcement of valid forum-selection clauses, bargained for by the parties, protects their legitimate expectations and furthers vital interests of the justice system."  *Id.* at 581.  Given such a clause, Plaintiff faces a "heavy burden" of "showing . . . that enforcement would be unreasonable and unjust."  *Riley v. Kingsley Underwriting Agencies, Ltd.*, 969 F.2d 953, 957 (10th Cir. 1992) (quoting *Zapata Off-Shore*, 407 U.S. at 10).  Absent a more clear statement of public policy, Plaintiff has not shown that his case is one of the "rare" or "exceptional" instances where the forum selection clause should not be enforced.  *See Atl. Marine*, 134 S. Ct. at 581, 582.

Finally, Plaintiff argues that transfer will cause great inconvenience and expense for himself and other putative class members, that all the witnesses are in Colorado, and that all events giving rise to this action occurred here.  (*See* ECF No. 12-1 ¶ 12;

ECF No. 12-2 ¶¶ 8–10; ECF No. 12 at 6–7 (addressing factors the Court ordinarily considers in decision to transfer venue).) The Court is not unsympathetic to these facts and concerns. No doubt, it would be much easier for Plaintiff to pursue claims arising from work done in Colorado here, rather than in a court in Missouri. But these are private-interest arguments that the Court deems waived and does not consider where the parties have a contractual provision designating another forum. *Atl. Marine*, 134 S. Ct. at 582. Here, such a provision is in place and dictates transfer to the Western District of Missouri.

### III. CONCLUSION

For the reasons set forth above, the Court ORDERS as follows:

1. Defendant's Motion to Transfer Venue pursuant to 28 U.S.C. § 1404(a) (ECF No. 10) is GRANTED; and

2. This case is TRANSFERRED to the United States District Court for the Western District of Missouri. The Clerk shall transmit the file to the Clerk of that court.

Dated this 8th day of June, 2016.

BY THE COURT:

William J. Martínez
United States District Judge